UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00338-FDW

| CHRISTOPHER LYNN HALLUM, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| MIKE SLAGLE, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner Christopher Lynn Hallum's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Respondent's Motion for Summary Judgment. (Doc. No. 4.)

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted by a Buncombe County jury of one count of obtaining property by false pretenses in violation of N.C.G.S. § 14-100 and one count of possession of stolen goods in violation of N.C.G.S. § 14-71.1. (Verdict Sheet, Resp't's Ex. 4, Doc. No. 5-5.) The same jury found Petitioner had obtained the status of habitual felon. (Verdict Sheet, Resp't's Ex. 5, Doc. No. 5-6.) On October 1, 2014, the trial court sentenced Petitioner as a habitual felon to a term of 97 to 129 months for obtaining property by false pretenses and to a concurrent term of 10 to 21 months for possession of stolen goods. (J. and Commitments, Resp't's Ex. 6, Doc. No. 5-7.) Petitioner entered a notice of appeal.

On October 8, 2014, Petitioner filed a Motion for Appropriate Relief ("MAR"), which the trial court granted. State v. Hallum, 783 S.E.2d 294, 298 (N.C. Ct. App. 2016). The court vacated the October 1, 2014 judgments, set aside the charge of possession of stolen goods in

1

favor of a new trial, and on February 27, 2015, resentenced Petitioner on the obtaining property by false pretenses conviction. Id.

On April 5, 2016, the North Carolina Court of Appeals issued an opinion vacating the February 27, 2015 judgment on jurisdictional grounds and holding that the original judgment entered on October 1, 2014 for the false pretenses conviction remained in full force and effect. Id. at 303. With respect to Petitioner's other claims, the court held that no prejudicial error had occurred. Id. The North Carolina Supreme Court denied Petitioner's petition for discretionary review on June 9, 2016. State v. Hallum, 787 S.E.2d 24 (N.C. 2016) (Mem).

Petitioner filed the instant federal habeas Petition in this Court on October 18, 2016. (Doc. 1.) He raises the following claims: 1) the trial court violated his right to due process when it denied his motion to dismiss the charge of obtaining property by false pretenses on sufficiency of the evidence grounds (Ground One, Pet. 7); 2) the trial court violated his right to due process when it instructed the jury on a theory of acting in concert (Ground Two, Pet. 9-10); and 3) "[t]he resentencing judgment entered on 27 February 2015 is void for lack of jurisdiction; the initial judgment entered 1 October 2014 remains in effect in violation of the Due Process Clause of the Fifth Amendment" (Ground Three, Pet. 13-14). Respondent filed a Motion for Summary Judgment (Doc. No. 4) and Petitioner responded (Doc. No. 10).

II. **STANDARD OF REVIEW**

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

## III. DISCUSSION

### A. Procedural Default

Respondent contends that Grounds One and Two are procedurally defaulted because Petitioner failed to exhaust those claims in the state courts, and he would be barred by state procedural rules from attempting to exhaust them now. Petitioner contends that he exhausted both grounds for relief in the state courts.

Under the Antiterrorism and Effective Death Penalty Act of 1986, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[1] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Habeas relief under § 2254 is limited to those in custody "in violation of the Constitution or laws or treaties of the United States." § 2254(a). Claims alleging only violations of state law may not form the basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

"The purpose of the exhaustion requirement is to 'giv[e] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Robinson v. Thomas, 855

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

3

F.3d 278, 283 (4th Cir. 2017) (quoting Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010)).  "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'"  Robinson, 855 F.3d at 283 (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)).  "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'"  Jones, 591 F.3d at 713 (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)).  That means a petitioner must include a reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle him to relief, in his state court proceedings.  See Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  "[T]he presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim."  Baker, 220 F.3d at 289 (citing Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam)).

Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim.  See O'Sullivan, 526 U.S. at 845.  Thus, a petitioner convicted in North Carolina first must have presented the same factual and legal claims raised in his federal habeas corpus petition to the Supreme Court of North Carolina, either on direct appeal or in a petition for discretionary review.[2]  See N.C. Gen. Stat. §§ 7A-27, 7A-31, 7A-32.

Here, to the extent Petitioner raised the substance of Ground One before the North Carolina Court of Appeals (Def.-Appellant's Br. 7-12, Resp't's Ex. 9, Doc. No. 5-10), he did not

---

[2] A petitioner convicted in North Carolina also may exhaust a federal claim by presenting the same factual and legal claims raised in his federal habeas corpus application in a petition for writ of certiorari in the North Carolina Court of Appeals subsequent to rejection in the trial court of a post-conviction motion for appropriate relief.  See N.C. Gen. Stat. §§ 7A-27, 7A-28(a), 15A-1415.  Petitioner did not file a post-conviction motion for appropriate relief.

raise it in his petition for discretionary review ("PDR") in the North Carolina Supreme Court (PDR, Resp't's Ex. 12, Doc. No. 5-13).[3] As the State notes, Petitioner raised only one proposed issue for review in his PDR, and it concerned the acting in concert instruction. (PDR 2.)

Petitioner argues that because a petition for discretionary review seeks review of the decision of the North Carolina Court of Appeals, any claim that was raised before that court is automatically presented to the North Carolina Supreme Court for its review. (Pet'r's Resp. 1, Doc. No. 10.) He is mistaken. The North Carolina Rules of Appellate Procedure require the petitioning party to specifically set forth the issues for review. N.C. R. App. P. R. 15(c) ("The petition . . . shall set forth plainly and concisely the factual and legal basis upon which it is asserted that grounds exist under N.C.G.S. § 7A-31 for discretionary review. The petition shall state each issue for which review is sought[.]"). Petitioner's PDR did not set forth a claim that the trial court violated his right to due process when it denied his motion to dismiss the charge of obtaining property by false pretenses as an issue for which discretionary review was sought. Consequently, he did not present the claim to the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

Petitioner also failed to present Ground Two to the state courts. In Ground Two, Petitioner claims that the trial court's instruction on a theory of acting in concert violated his right to due process. (Pet. 9-10.) In the state courts, however, Petitioner presented his acting in concert claim only as a violation of state law. (Def.-Appellant's Br. 12-16; PDR 5-12.) He did not cite the Due Process clause, the federal Constitution, or federal case law but relied solely on

---

[3] Because his failure to raise the substance of Ground One in his PDR is clear, the Court does not reach the issue of whether Petitioner fairly presented a federal due process claim or only a state law claim in the North Carolina Court of Appeals.

5

state law. Notably, neither the State nor the appellate court recognized Petitioner's claim as raising anything other than a challenge under state law. Thus, both limited their analyses to the application of North Carolina law and did not consider any federal constitutional implications of the acting in concert instruction. See Hallum, 783 S.E.2d at 301 (concluding the erroneous instruction was not prejudicial under state law) (citing N.C.G.S. § 15A-1433(a))[4]; (State's Br. 16-22, Resp't's Ex. 10, Doc. No. 5-11).

Although technically unexhausted, Grounds One and Two of the instant Petition nevertheless may be treated as exhausted if it is clear that these claims would be procedurally barred under state law if Petitioner attempted to raise them in the state courts at this stage. See Gray, 518 U.S. at 161. Under North Carolina law, a prisoner may not obtain post-conviction relief in the state courts if, "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so." N.C. Gen. Stat. § 15A-1419(a)(3). Petitioner was in a position to adequately raise Grounds One and Two in his direct appeal and PDR.

In such a situation, the trial court must deny the motion for post-conviction relief unless the defendant can show (1) "good cause" for excusing his failure to raise the issue on appeal and "actual prejudice" resulting from the defendant's claim; or that (2) the "failure to consider the

---

[4] Under N.C. Gen. Stat. § 15A-1443(a),

> [a] defendant is prejudiced by errors relating to rights arising *other than under the Constitution of the United States* when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant. Prejudice also exists in any instance in which it is deemed to exist as a matter of law or error is deemed reversible per se.

(emphasis added).

defendant's claim will result in a fundamental miscarriage of justice." § 15A-1419(b). Petitioner would not be able to meet either exception because the North Carolina Court of Appeals already has determined that he was not prejudiced by either of the trial court's alleged errors. See Hallum, 783 S.E.2d at 300-302 (holding that there was sufficient evidence to convict Petitioner on the false pretenses charge and that it was not reasonably probable that the jury would have reached a different result had the acting in concert instruction not been given). A trial court sitting in post-conviction would not have jurisdiction to overrule those holdings. See e.g., 15A-1419(a)(2). Accordingly, the Court finds that Grounds One and Two would be procedurally barred under state law if Petitioner attempted to raise them in the state courts at this time.

Consequently, Grounds One and Two are both exhausted and procedurally defaulted on federal habeas review. See Gray, 518 U.S. at 162 ("[T]he procedural bar which gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claims[.]"). This Court may not consider Grounds One and Two on their merits unless Petitioner can demonstrate cause and prejudice for the default. See id. As Petitioner makes no attempt to demonstrate cause or prejudice, Grounds One and Two shall be dismissed.

**B. Ground Three**

In Ground Three, Petitioner states that "[t]he resentencing judgment entered on 27 February 2015 is void for lack of jurisdiction; the initial judgment entered 1 October 2014 remains in effect in violation of the Due Process Clause of the Fifth Amendment." (Pet. 13-14). The nature of this claim is not clear.

As noted previously, the North Carolina Court of Appeals held that the trial court did not have jurisdiction to enter the February 27, 2015 judgment and that the October 1, 2014 judgment,

7

therefore, remained in effect. Hallum, 783 S.E.2d at 303. Petitioner asserts that the October 2014 judgment remains in effect in violation of due process but fails to explain how, or why, the judgment represents a violation of the Constitution.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. With respect to Ground Three, Petitioner merely recites a partial procedural history of his state proceedings. (Pet. 13-14.) He does not cite any facts to support his conclusory assertion that the October 2014 judgment violates due process. Because Petitioner has failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases, Ground Three shall be dismissed.

**IV:   CONCLUSION**

Grounds One and Two are procedurally defaulted, and Respondent shall be granted summary judgment on those claims. Ground Three fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. Accordingly, it shall be dismissed without prejudice.

**V:   ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment (Doc. No. 4) is **GRANTED** with respect to Grounds One and Two of the Petition for Writ of Habeas Corpus (Doc. No. 1);

2. Ground Three of the Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice for failure to comply with Rule 2 of the Rules Governing Section 2254 Cases; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines

to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 1, 2017

Frank D. Whitney
Chief United States District Judge